UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              Chapter 11
                                                    Case No. 17-40716
THE FRESH ICE CREAM COMPANY, LLC

                        Debtor.
---------------------------------------------------------------X

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL BY DEBTOR PURSUANT TO 11 U.S.C. SECTION 363

**UPON** the application ("Application") of The Fresh Ice Cream Company, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") which seeks authority to, inter alia, use cash collateral in which FICC Lender, LLC ("FICC") and S.O.S. Capital., Inc. ("SOS") have asserted perfected security interests pursuant to 11 U.S.C. Sections 363(c)(2) and 361 and Federal Rules of Bankruptcy Procedure 4001; and a hearing having been held on February __, 2017 (the "Interim Hearing"), and all objections to the Application having been withdrawn, overruled or resolved, and upon the record taken at the Interim Hearing, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows:

   A.  On or about February 17, 2017 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"), and has continued in possession of its property and the management of its business pursuant to 11 U.S.C. §§1107 and 1108.

   B.  As of the date hereof, the Office of the United States Trustee has not appointed an Official Creditors' Committee as provided for in Section 1102 of the Code. No trustee or examiner has been heretofore appointed in this proceeding.

C. The Debtor distributes frozen dairy and non-dairy products to food markets throughout the Northeast and West Coast..

D. Subject to the Debtor's investigation prior to any Final Order authorizing use of cash collateral, the Debtor believes that on or about April 25, 2014, the Debtor entered into a Loan And Security Agreement, Mortgage Note and related loan documents in favor of Empire State Certified Development Corporation ("ESCDC"), (the "ESCDC Loan Documents") in which ESCDC extended credit to the Debtor in the original principal amount of $500,000, with the total current approximate outstanding amount of $426,000, at an interest rate equal to approximately 5% per annum.

E. The Debtor acknowledges that ESCDC filed a UCC-1 financing statement with the Delaware Secretary of State which has not lapsed.

F. Subject to the Debtor's investigation prior to any Final Order authorizing use of cash collateral, the Debtor believes that on or about February 3, 2017, ESCDC assigned its interests in the ESCDC Loan Documents to FICC, evidenced by Assignment of Indebtedness and Collateral and UCC-3 financing statement filed with the Delaware Secretary of State.

G. Subject to the Debtor's investigation prior to any Final Order authorizing use of cash collateral, the Debtor believes that on or about March 23, 2016 and July 5, 2016, the Debtor entered into a Purchase and Sale Agreement, Security Agreement and related documentation (collectively, the "SOS Loan Documents") with S.O.S. Capital, Inc. ("SOS"). On May 11, 2016, a UCC-1 Financing Statement was filed with the Delaware Secretary of State in favor of Corporation Services Company as Representative, allegedly on behalf of SOS, which has not lapsed. The Debtor is still investigating whether said UCC-1 was filed on behalf of SOS. The

Debtor therefore reserves the right to dispute that SOS holds an enforceable or perfected security interest in the Debtor's assets and Cash Collateral (as defined below).

H.   The use of the Debtor's personal property which constitutes collateral of FICC and potentially SOS (the "Cash Collateral") is essential to the continued preservation and maximization of the Debtor's estate.

I.   Continued use of the Cash Collateral on an interim basis pending a final hearing is necessary to prevent immediate and irreparable harm to the Debtor's estate in that without authorization to use the Cash Collateral, the Debtor's ability to sustain its operations and meet its current necessary and integral business obligations will be impossible.

J.   The value of Debtor's estate will be maximized by the continuation of Debtor as a going business, and the use of the Cash Collateral is essential to such operation.

**BASED UPON THE FOREGOING,** it is hereby ORDERED as follows:

1.   Preliminarily, pending a final hearing on the Application on March __, 2017 at _____ a.m. / p.m. (the "Final Hearing"), the Motion is GRANTED on an interim basis. Effective *nunc pro tunc* as of February __, 2017 and continuing through and including the Final Hearing date (the "Interim Period"), the Debtor is authorized to use the Cash Collateral on an interim basis subject to the terms of this Order and in accordance with the budget annexed to the Application as Exhibit G, subject to a 10% variance or upon further consent of FICC and SOS or further order of this Court. At the Final Hearing, the Court will consider the Debtor's request to use Collateral after the Interim Period.

2.    This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §1334 and this is a "core" proceeding pursuant to 28 U.S.C. §157.  Venue is proper in this Court pursuant to 28 U.S.C. §1408.  Notice of relief sought herein was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(1)(A) and Fed. R. Bankr. P. 4001(b)(2).

3.    In addition to the existing rights and interests of FICC and SOS in the Collateral and for the purpose of adequately protecting them from Collateral Diminution,[1] FICC and SOS are hereby granted replacement liens ("Replacement Liens"), to the extent that said liens were valid, perfected and enforceable as of the Petition Date in the continuing order of priority of its pre-petition liens without determination herein as to the nature, extent and validity of said pre-petition liens and claims and to the extent Collateral Diminution occurs during the Chapter 11 case, subject to: (i) the claims of Chapter 11 professionals duly retained in the Chapter 11 case and to the extent awarded pursuant to Sections 330 or 331 of the Code; (ii) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 and any Clerk's filing fees; (iii) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $20,000. In addition, the Replacement Liens granted hereby shall not attach to the proceeds of any recoveries of estate causes of action under Sections 542 through 553 of the Code.

---

[1]    For purposes of this Order, "Collateral Diminution" shall mean any diminution in value of FICC' and SOS' interests in the Debtor's assets as of the Filing Date by reason of Debtor's use of Cash Collateral in accordance with this Order.

4. All of the Debtor's expenditures shall be specifically accounted for in detailed monthly reports which the Debtor shall file with the Bankruptcy Court and provide a copy to the United States Trustee's Office, counsel for FICC, counsel for SOS, and counsel to any official committee of unsecured creditors appointed in the Chapter 11 case no later than the twentieth (20th) of each successive month.

5. The Debtor, FICC and SOS agree that, except as otherwise provided herein, all of the terms and provisions of the FICC Loan Documents and SOS Loan Documents are subject to investigation by the Debtor before a Final Order is entered to determine whether the Debtor agrees that same are valid, binding and enforceable against the Debtor as if same had been re-executed by the Debtor and FICC and SOS, subject to further Order of the Court.

6. The security interests and liens herein granted and regranted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of FICC and SOS on the Petition Date; (ii) shall secure the payment of indebtedness to FICC and SOS in an amount equal to the aggregate Collateral used or consumed by the Debtor; and (iii) shall be deemed to be perfected without the necessity of any further action by FICC and SOS or the Debtor. Without limitation, therefore, FICC and SOS shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Order.

7. FICC and SOS reserve their right to hereafter request additional adequate protection and to object to the adequacy of the adequate protection granted herein.

8. The Debtor shall maintain all necessary insurance, including, without limitation, business liability, and workmen's compensation as may be required, and obtain such additional insurance in an amount as is appropriate for the businesses in which the Debtor is engaged.

9. Notwithstanding anything to the contrary in this Order, the Debtor's authority to use the Collateral pursuant to this Order shall terminate immediately and automatically, (a) upon the fifth (5th) business day following the delivery of written notice to the Debtor, its bankruptcy counsel, counsel to any official committee of unsecured creditors or, if no committee has been appointed, then to the Debtor's 20 largest unsecured creditors, and the Office of the United States Trustee, by FICC and SOS of any breach or default by the Debtor of the terms and provision of this Order, unless the Debtor shall have cured such breach or default within such five (5) business day period, or (b) without notice of any kind upon the entry of an order of the Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case or appointment of a trustee without the written consent of FICC and SOS.

10. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of FICC and SOS and the Debtor. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority or benefit with respect to any indebtedness of the Debtor to FICC and SOS.

11. The findings contained in this Order are binding upon the Debtor and all parties in interest (including but not limited to any statutory committee appointed in the chapter 11 case), and any application of Collateral under this Order shall be indefeasible, unless (a) an adversary

proceeding or contested matter challenging the validity, enforceability or priority of the Collateral, the prepetition obligations to FICC and SOS (the "Prepetition Obligations"), the Replacement Liens, or the liens securing the Prepetition Obligations (the "Prepetition Liens") is properly commenced no later than one hundred twenty (120) days from the entry of a final order plus such additional time as the Court, for cause shown, authorizes, and (b) a final order is entered in favor of the plaintiff or movant in any such timely and properly filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is properly commenced as of such date, the Collateral and the Prepetition Obligations shall constitute allowed claims for all purposes in the chapter 11 case and any subsequent Chapter 7 case, the Replacement Liens and the Prepetition Liens shall be deemed legal, valid, binding, perfected, and the Collateral, the Prepetition Obligations, the Replacement Liens, and the Prepetition Liens shall not be subject to avoidance or any other similar challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, and successor(s) thereto. If any such proceeding or contested matter is properly commenced, the Bankruptcy Court shall determine the validity, enforceability, and priority of the Collateral, the Prepetition Obligations, the Replacement Liens and the Prepetition Liens, but only with respect to and to the extent of the objections raised in such adversary proceeding or contested matter, and all other matters and objections not raised in such adversary proceeding or contested matter shall be deemed forever waived.

12. This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

13. The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining

to this Order.

14. Objections to the final relief requested in the Application shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable _____, and served upon DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, One N. Lexington Avenue, White Plains, New York 10601, attn: Jonathan S. Pasternak, Esq., so as to be received no later than March __, 2017 at 4:00 p.m.