UNITED STATES BANKRUPTCY
EASTERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| THE FRESH ICE CREAM COMPANY, LLC, | Case No. 17-40716-ess |
| Debtor. | Re: ECF Nos. 5 and 9 |

### FICC LENDER, LLC'S OBJECTION TO (A) MOTION FOR ORDER (I) SCHEDULING A PRELIMINARY HEARING ON DEBTOR'S MOTION REQUESTING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND BANKRUPTCY RULE 4001, (II) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL ON AN INTERIM BASIS AND PROVIDING ADEQUATE PROTECTION THEFORE PURSUANT TO 11 U.S.C. §§ 361 AND 362, AND (III) SCHEDULING A FINAL HEARING; AND (B) STIPULATION AND ORDER AUTHORIZING PAYMENT OF PRE-PETITION SECURED CLAIM AND PROVIDING LIMITED REPLACEMENT LIEN FOR USE OF COLLATERAL

FICC Lender, LLC ("FICC") hereby submits this objection to the Debtor's Motion for Entry of an Order Scheduling a Preliminary Hearing on the Debtor's Motion Requesting the Use of Cash Collateral, (II) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363 and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362 and (III) Scheduling a Final Hearing (ECF #5) (the "Cash Collateral Motion"); and Stipulation and Order Authorizing Payment of Pre-Petition Secured Claim and Providing Limited Replacement Lien for use of Collateral (ECF #9) ("Hanson Stipulation"). FICC, which has a first priority blanket lien on the Debtor's assets to secure its debt, objects to the Cash Collateral Motion and Hanson Stipulation because it fails to provide it with adequate protection as required under 11 U.SC. §§ 361 and 363(c).

I. **BACKGROUND**

1. FICC is the assignee and owner of that certain loan originally by and between Empire State Certified Development Corporation ("Empire") and the Debtor in

the original principal amount of $500,000 (the "Loan"). In accordance with the terms of a Security Agreement between Empire and the Debtor dated April 25, 2014, the Loan is secured by a first priority blanket lien on the Debtor's assets, including but not limited to all inventory and accounts receivable. The Security Agreement has also been assigned to FICC. Per the Debtor's schedules, the outstanding balance of the Loan is $426,917.96. (See ECF #1, Schedule D.)

2. On February 17, 2017, the Debtor filed a voluntary petition under Chapter 11.

3. In connection with its petition, the Debtor filed the Cash Collateral Motion seeking, among other things, the interim use of cash collateral until a final hearing on such use of cash collateral can be scheduled. Annexed to the Cash Collateral Motion was a budget for the use of cash collateral (ECF #5-7) (the "Budget"), which contemplated a $330,000 cash infusion based on post-petition financing.

4. To date, no financing motion has been filed under 11 U.S.C. § 364.

5. Moreover, the Budget shows losses over the entire thirteen week period and substantial losses during the first four weeks. (See ECF #5-7.)

6. The interim order annexed to the Cash Collateral Motion proposes to provide adequate protection to FICC through the grant of replacement liens in post-petition collateral.

7. On February 23, 2017, the Debtor filed the Hanson Stipulation, pursuant to which it seeks authority to pay $20,000 to Hanson Logistics ("Hanson"), which claims a warehousemen's lien under state law on $300,000 in inventory being stored in Hanson's warehouse to secure a debt totaling $51,735.53, to allow the Debtor to sell $200,000 in

inventory that is presently in Hanson's warehouse. The Hanson Stipulation further provides to pay Hanson the $31,735.53 balance of its claim within thirty days and grants Hanson a "first priority replacement lien" on the proceeds of the sale of the $200,000 in released inventory. (Hanson Stipulation ¶¶ 4-5). Hanson's replacement lien would apparently prime the replacement lien proposed to be granted to FICC under the proposed interim cash collateral order.

## II.     OBJECTION

8. FICC has grave concerns about the Debtor's plans to reorganize in bankruptcy and that concern has been heightened since the bankruptcy filing when (i) no post-petition financing motion was filed, and (ii) the Debtor proposed to give Hanson's a priority lien over the proceeds of the sale of the $200,000 in inventory even though Hanson's remaining $31,735.53 is oversecured based on the $100,000 in inventory remaining in its warehouse.

9. In light of the failure to secure post-petition financing to provide the liquidity on which the Budget is premised, the Budget's projections of ongoing and significant losses, and the proposed grant of a priming lien to Hanson on certain accounts receivable, the Debtor's proposal to give FICC a replacement lien does not give it the adequate protection that is required under Sections 363(c) and 361.[1]

10. The first four weeks of the budget show negative cash flow of more than $120,000. While certain of this negative cash flow is projected to be recovered in the

---

[1] The Cash Collateral Motion at ¶15 claims that FICC has an equity cushion, this appears to be wholly based on the assertion that the Debtor's intellectual property is worth $1 million since according to the Debtor's schedules it has just $320,000 in other assets. The Debtor has not offered any evidence with the Cash Collateral Motion to substantiate the ascribed value of the intellectual property.

5426904v1

weeks that follow, the entire thirteen week budget still projects losses of more than $100,000.

11. Based on the current budget and the Hanson Stipulation, FICC is not adequately protected. Instead it will see its collateral, the most valuable parts of which is the $300,000 in inventory, sold to subsidize the Debtor's ongoing operating losses.

12. Accordingly, FICC requests that this Court deny the Cash Collateral Motion and Hanson Stipulation, unless either (i) the Debtor is ordered to make adequate protection payments to it in an amount equal to the loss at which the inventory will be sold, or (ii) the Debtor is ordered to maintain a minimum level of inventory of at least $200,000. The latter option of maintaining a minimum level of inventory allows the Debtor to try to make a go of its attempt to reorganize in the very near term and breathing room to put together a more sustainable budget. However, if the Debtor cannot figure out a way to sell the inventory in a profitable manner, this minimum level of inventory will provide a reservoir of assets to fund a Chapter 7 liquidation, which is where this case is likely headed.

### III. CONCLUSION

For the foregoing reasons, FICC respectfully requests that the Court deny the Cash Collateral Motion and Hanson Stipulation, unless the sought relief is revised to require adequate protection payments in connection with the sale of the inventory in an amount equal to the diminution in the value of FICC's collateral, or require the Debtor to at all times during the interim period maintain an inventory level of $200,000, and grant such

further relief as just requires.

Dated:  February 24, 2017

        Respectfully submitted,

        By: /s/ Eric S. Goldstein
        Eric S. Goldstein
        Shipman & Goodwin LLP
        One Constitution Plaza
        Hartford, CT  06103-1919
        (860) 251-5000
        egoldstein@goodwin.com

        -and-

        Stephen M. Forte
        Shipman & Goodwin LLP
        400 Park Ave, Fifth Floor
        New York, NY 10022
        Tel:    (212) 376-3010
        Fax:    (212) 376-3024
        *Counsel for FICC Lender, LLC*

UNITED STATES BANKRUPTCY
EASTERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| THE FRESH ICE CREAM COMPANY, LLC, | Case No. 17-40716-ess |
| Debtor. | Re: ECF Nos. 5 and 9 |

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2017, the foregoing was served by electronic mail to the following parties:

Nazar Khodorovsky
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street
Suite 1006
New York, NY 10014
nazar.khodorovsky@usdoj.gov

Jonathan S Pasternak
DelBello Donnellan Weingarten
Wise & Wiederkehr, LLP
One North Lexington Avenue
White Plains, NY 10601
jpasternak@ddw-law.com

By: /s/ Eric S. Goldstein
Eric S. Goldstein
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
(860) 251-5000
egoldstein@goodwin.com

5426904v1